UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

LADARREN JACKSON  FILED: _____
RODRIQUEZ SMITH AND
TAMIKA WILLIAMS SMITH

VERSUS NO.

MIKE JONES, SHREVEPORT POLICE DEPARTMENT,
AND CITY OF SHREVEPORT  BY: _____

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel comes LaDarren Jackson, Rodriquez Smith, and Tamika Williams Smith, Plaintiffs domicilaries of Caddo Parish, Louisiana, and states the following:

**1.**

Made defendants herein as follows:

1. Mike Jones, a police officer of the Shreveport Police Department;

2. Shreveport Police Department is a government entity created or organized under the and statutes of the State of Louisiana; and

3. City of Shreveport, a municipal organized and incorporated under the laws and statutes of Louisiana.

**2.**

Defendants are liable to plaintiffs in tort for the violation of rights guaranteed to them under the United States Constitution and certain federal laws including 42 U.S.C. §1983 and 1988. The Fourth, Fifth, and Fourteenth to the United States Constitution and Plaintiffs further

invoke the pendent jurisdiction of the Court to hear and decide claims arising out of stat law, including Louisiana Civil Code, Article 2315.

3.

The jurisdiction of this Court is further invoke pursuant to 28 U.S.C. Section 1331 and 1343.

4.

Plaintiff, LaDarren Jackson, Rodriquez Smith, and Tamika Williams Smith are citizens and residents of the State of Louisiana and citizens of the United States.

5.

At all times hereinafter set forth, one Mike Jones was employed a duly appointed and acting officer of the Shreveport Police Department for the City of Shreveport, Louisiana as a police officer in the capacity as a sergeant bearing Shield Number 141.

6.

At all times herein, defendant, Mike Jones failed to identify himself as a police officer or otherwise indicate that he was acting under a purported claim of legal authority, and plaintiffs, LaDarren Jackson and Rodriquez Smith, reasonably and justifiably believed that they were being assaulted and shot by another without legal justification therefor. In response to defendant's apparent lack of legal authority, plaintiffs attempted to escape from the scene of the encounter, where upon Mike Jones shot them multiple times.

7.

On the night of September 15, 2018, at approximately 10:30 p.m. at 80th Street and Dillman Street in Shreveport, Louisiana, the said police officer confronted plaintiffs by driving his vehicle up to them with his headlights blinding their sight and stopping within a few feet

from where they standing, then stepping out of his vehicle with an AR-15 Rifle, then willfully and maliciously pointed his gun at the plaintiffs LaDarren Jackson and Rodriquez Smith and discharged his gun shooting plaintiffs without any cause or justification, which constituted an unreasonable and excessive use of deadly force.

**8.**

At the time and place aforesaid, said Mike Jones was acting pursuant to the authority given to him by defendants, through its Police Department for the City of Shreveport, Louisiana acting on behalf of such defendants.

**9.**

In so discharging his gun, the said officer committed a willful, unlawful, and intentional assault and battery upon plaintiffs who were acting peacefully and committing no crime or offense.

**10.**

The assault and battery was unnecessary and unwarranted in the performance of Mike Jones duties and constitute and unreasonabled, unwarranted and excessive use of force and manifested an unreasonable risk of harm to others.

**11.**

In addition, defendants falsely, unlawfully and wrongfully, with force and without plaintiffs consent and against their will arrested and imprisoned plaintiffs at the Caddo Correctional Center following their arrest and deprived them of their liberty for an extended period of time.

12.

In addition, the actions alleged above deprived plaintiffs of the following rights under the United States Constitutional and the Louisiana constitution:

a. Freedom from the use of excessive and unreasonable force.

b. Freedom from a deprivation of liberty without due process of law.

c. Freedom from summary punishment.

13.

The arrests were made by the defendants without any warrants or other legal process directing or authorizing the plaintiffs' arrest or legal detention.

14.

That upon information and belief, the arrests were made pursuant to an erroneous and false report by Curtis D. Tillman, an individual with a vendetta against one of the plaintiff, Rodriquez Smith stating that they had been walking down the street discharging weapons.

15.

The charge that they were discharging a weapon was wholly untrue and false.

16.

That the defendant could have ascertained the falsity of the charge had the defendant, Mike Jones, exercised reasonable diligence in performing his duties and not neglected to make reasonable and necessary factual investigation of the aforementioned charge.

17.

By reason of the above, plaintiffs' reputations have been greatly injured and they have been brought into public scandal disrepute, and disgrace, and have been greatly hindered and prevented from following and transacting their affairs and business.

**18.**

As a result of the aforesaid assault and battery, the gun shots struck plaintiffs Rodriquez Smith in his face and other parts of his body and LaDarren Jackson in his buttocks.

**19.**

Plaintiffs sustained severe, painful, and permanent injuries, necessitating medical aid, surgery, treatment. and hospitalization, disabling them from their employment, loss of earning capacity, and sustained permanent disfigurement, severe emotional distress, humiliation, embarrassment, fear, and defamation of their character and reputation, all of these losses for past, present, and future.

**20.**

Defendant, Caddo Parish Police Department was negligent in hiring, training, and supervision of the defendant, Mike Jones under Louisiana Law.

**21.**

That at all times herein mentioned, the plaintiff, Tamika Williams Smith was and still is the lawful wife of the plaintiff, Rodriquez Smith and by reason thereof, was entitled to his companionship and services.

**22.**

That the reason of the defendant's acts, plaintiff Tamika Williams Smith has been and will be deprived of the services and society of her husband and has expended monies for medical care and attention.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT MUNICIPALITY

23. Paragraphs 1-22 are incorporated herein by reference.

24. Prior to September 15, 2018, defendant permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable, and excessive use of force, including illegal shootings of males by police officers in that:

> a. defendant failed to discipline or prosecute or in any manner deal with known incidents of excessive force.
>
> b. defendant refused to investigate complaints of previous incidents of wrongful shootings and instead, officially claimed that such incidents of excessive for including shootings and, instead, officially claimed that such incidents were justified and proper.
>
> c. by means of both inaction and a cover-up of such excessive force and wrongful shootings, defendant encouraged police officers employed by it to believe that the use of excessive force, and improper shootings males were permissible.

25. In the case of <u>Adams v. City of Shreveport</u> 269 F. Supp 3d 743 (2017), plaintiffs alleged officers used excessive force against whereby they suffered major injuries. In <u>Muslow v. City of Shreveport</u>, Civil Action 17-CV-01038 (June 12, 2019), Plaintiff alleged the use of excessive force by officer. In both cases, the City of Shreveport denied the use of excessive force and attempted to justify the officers' action.

26. Defendant has maintained no system of review of excessive force claims, including firearms discharges which system has failed to identify instances of improper use of firearms or to discipline, more closely supervise, or retrain officers who in fact improperly used such weapons.

27. On information and belief, the systemic deficiencies include but are not limited to:
> a. preparation of investigative reports designed to vindicate the use of excessive

force, including firearms, regardless of whether such actions were justified.

b. preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses.

c. preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved.  Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigation.

d. responsible superior officers for accuracy or completeness and acceptance of conclusion which are unwarranted by the evidence or which contradict such evidence.

28.     The foregoing acts, omissions, and systemic deficiencies are policies and customs of defendant and such caused police officers of defendant to be unaware of the rules and laws governing permissible use of firearms and to believe that firearms discharges are entirely within the discretion of the officer and that improper discharges would not be honestly and properly investigated, all with the foreseeable result that officer are more likely to use deadly force in situations where such force is neither necessary nor reasonable nor legal.

29.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of defendant, co-defendant, Mike Jones improperly shot plaintiff.

## THIRD PENDANT CLAIM CAUSE OF ACTION
## AGAINST BOTH DEFENDANTS

30. Paragraphs 1-29 are incorporated herein by reference.

31. At the time of the shooting herein, defendant Mike Jones was acting as an officer of the police department of Shreveport.

32. Defendant, Mike Jones assaulted and battered plaintiff.

33. As a result of the assault and battery, plaintiff suffered damages as aforesaid.

34. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

**35.**

Plaintiff desires jury trial on all issues so triable.

Wherefore, plaintiffs pray that service be made on defendants, that Mike Jones, Shreveport Police Department, and the City of Shreveport, be held in solido, and that the court award adequate and reasonable compensable damages and punitive damage if applicable in the premises, reasonable attorneys' fees pursuant to the U.S.C. §1983 and 1988, and the Court cast the defendant with cost of all expenses incurred as result of the trial of this matter, and any relief reasonable in the premises, including jury trial.

**Respectfully Submitted,**

**Ross Law Firm**
602 North 5th Street
Post Office Box 1295
Monroe, Louisiana 71210-1295
Telephone: (318) 322-8776
Facsimile: (318) 322-1860

S/N: <u>James E. Ross, Jr</u>
  James E. Ross, Jr., LSB No. 01571
      Attorney for Plaintiffs


**PLEASE SERVE:**

**MIKE JONES**
**Through his employment**
**SHREVEPORT POLICE DEPARTMENT**
**1234 TEXAS AVENUE**
**SHREVEPORT, LOUISIANA 71101**


**SHREVEPORT POLICE DEPARTMENT**
**BEN RAYMOND-PROVISIONAL CHIEF**
**1234 TEXAS AVENUE**
**SHREVEPORT, LOUISIANA 71101**


**CITY OF SHREVEPORT**
**ADRIAN D. PERKINS-MAYOR**
**505 TRAVIS STREET**
**SUITE 200**
**SHREVEPORT, LOUISIANA 71101**