UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LADARREN JACKSON, ET AL          CIVIL ACTION NO. 19-cv-1205

VERSUS                        JUDGE ELIZABETH E. FOOTE

MIKE JONES, ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiffs Ladarren Jackson and Rodriquez Smith were walking on 80th Street in Shreveport when Shreveport Police Officer Mike Jones approached in his vehicle. Plaintiffs allege that Jones did not identify himself as a police officer, stepped out of his vehicle with an AR-15 rifle, and maliciously shot both of them.  They assert claims against Jones and the City of Shreveport for excessive force and false arrest/imprisonment.

The police reports portray a different set of events.  They indicate that a resident called 911 and reported that the two plaintiffs were walking down the street with a pit bull, both men were armed, and shots were fired.  Officer Jones reported that he responded to the call, activated his bright white overhead lights on his marked patrol unit, and stepped out to confront the suspects.  The two men split up and fled, then pointed their guns at Jones, and he responded by firing shots.

Plaintiff Jackson was charged with aggravated assault on a peace officer with a firearm and possession of a firearm by a convicted felon.  Plaintiff Smith was charged with illegal use of weapons, possession of a firearm by a convicted felon, and aggravated assault on a peace officer with a firearm.  The charges are pending in the Caddo Parish state court.

The attorney who represents both plaintiffs in this matter represents Mr. Jackson in the criminal proceedings.

Counsel for the City and Officer Jones represents that Jackson and Smith were scheduled for trial on the criminal charges on May 4, 2020, but the trial was upset due to the Covid-19 pandemic and related matters.  A new trial date has not yet been set.  The City and Jones filed a Motion to Stay (Doc. 19) that asks that this civil case be stayed during the pendency of the parallel criminal proceedings.  The motion was noticed for briefing, but Plaintiffs did not file a response.  For the reasons that follow, the court finds that a stay is appropriate.

A claim under 42 U.S.C. § 1983, to the extent a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, is generally precluded by Heck v. Humphrey, 114 S.Ct. 2364 (1994).  The accused is not allowed to seek Section 1983 relief unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 114 S.Ct. at 2372.  "Thus, when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id.

Plaintiffs' charges are still pending, so Heck is not directly applicable; it does not bar an action that would impugn an anticipated future conviction.  Wallace v. Kato, 127

S.Ct. 1091, 1098 (2007).  But this does not mean the federal court should move forward with such cases filed by persons in a pretrial situation.  Wallace stated that if a plaintiff files a claim, before he has been convicted, related to rulings that will likely be made in a pending criminal prosecution, it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case is ended.  If the plaintiff is ultimately convicted, and the civil suit would impugn that conviction, Heck will require dismissal.  Otherwise, the civil action may proceed absent some other bar to suit.  Wallace, 127 S.Ct. at 1098.

Even before Wallace, the Fifth Circuit held that a stay is appropriate when a Section 1983 case attacks an arrest, search, or seizure in a manner that could affect the validity of a decision in the criminal case.  The prisoner in Mackey v. Dickson, 47 F.3d 744 (5th Cir. 1995) alleged an unreasonable search and seizure claim related to his arrests that were followed by indictment in state court on drug charges.  Even though the record did not clearly reflect that a successful attack on the lawfulness of the prisoner's arrests would implicate the validity of his confinement on the state charges, the Fifth Circuit stated that the district court "may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."  Id.

A stay is appropriate in this case.  There is a strong potential for the application of Heck to the claims at issue.  And discovery in such a civil case, with a criminal case pending, is often made difficult by the invocation of the privilege against self-incrimination.  Given the relevant considerations and the lack of opposition by Plaintiffs,

the court finds that a stay is the best exercise of its discretion in these circumstances. Accordingly, the **Motion to Stay (Doc. 19)** is **granted**, and this matter is stayed until further order of the court.  The scheduling order (Doc. 14) and all dates and deadlines in it are vacated.  Counsel are directed to file a joint status report on **October 23, 2020** and advise the court of the status of the state court criminal proceedings.  Counsel should also immediately inform the court if the charges are resolved prior to that date.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of July, 2020.

Mark L. Hornsby
U.S. Magistrate Judge