UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LADARREN JACKSON, ET AL. | CIVIL ACTION NO. 19-1205 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MIKE JONES, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is an unopposed motion for summary judgment filed by Defendants, Sergeant Mike Jones ("Jones") and the City of Shreveport ("Shreveport") (collectively, "Defendants"), against Plaintiffs, LaDarren Jackson ("Jackson"), Rodriquez Smith ("Smith"), and Tamika Williams Smith ("Tamika") (collectively, "Plaintiffs"). [Record Document 35]. For the reasons that follow, Defendants' motion is **GRANTED**.

### BACKGROUND

On September 15, 2018, at about 10:50 p.m., Jones responded to a 911 report that an individual, who was accompanied by another person and a dog, was firing a handgun in the 200 block of W. 80th Street in Shreveport, Louisiana. Record Document 35-1 at 1. When Jones arrived in the area, he noticed two individuals who matched the description in the call. *Id*. These individuals were later identified as Jackson and Smith. *Id*. When Jones attempted to stop them, Jackson and Smith fled in opposite directions. *Id*. Plaintiffs allege that Jones failed to identify himself as a police officer, Record Document 1 at 2, but Defendants claim that Jones arrived at the scene in a marked police vehicle wearing a Shreveport police uniform, Record Document 7 at 2.

Believing Jackson and Smith were moving into an ambush position, Jones exited his vehicle with his patrol rifle and saw Smith pull a chrome handgun that appeared to have an extended magazine. Record Document 35-1 at 1. Jones rolled to the back of his patrol unit and fired shots in Smith's direction causing Smith to fall into a ditch. *Id*. Then, Jones fired two to three shots at Jackson after noticing Jackson had a gun pointed at him. *Id*. Turning his attention back to Smith, Jones shouted commands for Smith to show his hands; however, as Jones approached Smith, Smith pointed his gun at Jones, leading Jones to shoot Smith. *Id*. at 1-2. Jones and other officers who had arrived at the scene disarmed Smith and handcuffed him. *Id*. at 2. Jackson was later apprehended at a nearby residence, and both Smith and Jackson were transferred to a nearby hospital for treatment. *Id*. Smith was charged with illegal use of a weapon in violation of Louisiana Revised Statute § 14:94, aggravated assault on a peace officer in violation of Louisiana Revised Statute § 14:37.2, and felon in possession of a firearm in violation of Louisiana Revised Statute § 14:95.1. *Id*. Jackson was charged with aggravated assault on a peace officer in violation of Louisiana Revised Statute § 14:37.2 and felon in possession of a firearm in violation of Louisiana Revised Statute § 14:95.1. *Id*.

On January 9, 2023, Smith pled guilty to possession of a firearm or carrying a concealed weapon by a convicted felon and aggravated assault on a peace officer. *Id*. On the same day, Jackson similarly pled guilty to aggravated assault on a peace officer. *Id*. Plaintiffs then sued Jones and the City of Shreveport[1] alleging multiple claims under

---

[1] The Plaintiffs also named the Shreveport Police Department as a defendant; however, the Shreveport Police Department "does not qualify as a juridical person and is therefore not amenable to suit in the state of Louisiana." *Jackson v. Shreveport Police Dep't*, No. 21-0276, 2021 WL 3503079, at *2 (W.D. La. Aug. 9, 2021).

42 U.S.C. § 1983, as well as other state law claims. Record Document 1. Although the complaint is unclear, the Court parses through the relevant allegations below.

Smith and Jackson claim that they were falsely arrested and imprisoned at the Caddo Correctional Center, and their arrests were made "without any warrants or other legal process directing or authorizing the plaintiffs' arrest or legal detention." *Id*. at 3. Additionally, Smith and Jackson claim Jones used excessive force by shooting them "without any cause or justification." *Id*. By shooting Smith and Jackson, the complaint further alleges, Jones committed "an assault and battery upon plaintiffs who were acting peacefully and committing no crime or offense." *Id*. As a result of the injuries sustained from being shot, Smith and Jackson state that they suffered from a loss of earning capacity and experienced severe emotional distress, permanent disfigurement, and defamation. *Id*. at 4-5. Smith's wife, Tamika, alleges the Defendants' actions have deprived her of her husband's services and companionship. *Id*. at 5.

The Plaintiffs also argue that the Shreveport Police Department[2] was negligent in hiring, training, and supervising Jones. *Id*. Finally, the Plaintiffs assert a municipal liability claim against the City of Shreveport for permitting, encouraging, tolerating, and ratifying a pattern of unreasonable force. *Id*. at 6-7. The Defendants have moved for summary judgment on the false arrest, excessive force, and municipal liability ("Monell") claims. Record Document 35. To date, Plaintiffs have failed to file an opposition.

---

[2] The Plaintiffs refer to this defendant as Caddo Parish Police Department when outlining this claim, but they previously referred to it as the Shreveport Police Department. *See* Record Document 1 at 1, 5. Nonetheless, the Court has previously noted that the Shreveport Police Department cannot be sued. *See supra* note 1.

3

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322-23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex,* 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) (quoting *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158-59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or

tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## Law and Analysis

The Court will first examine Smith and Jackson's claim that they were falsely arrested and deprived of their liberty for an extended period. The Court will then turn to Smith and Jackson's claim that Jones violated their Fourth Amendment rights to be free from the use of excessive force. Next, the Court will address Smith and Jackson's claim against the City of Shreveport for its allegedly unconstitutional policies, practices, or customs. The Court will finish by addressing the remaining state law claims.

A plaintiff is generally precluded from asserting any civil claim under 42 U.S.C § 1983 that would impugn the validity of his criminal conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Rather, to recover damages under § 1983 that would necessarily imply the invalidity of an outstanding judgment, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

5

corpus." *Id*. If the district court finds that the plaintiff's action, even if successful, will not affect the validity of the plaintiff's prior conviction, "the action should be allowed to proceed, in the absence of some other bar to the suit." *Id*.

    I.    False Arrest Claim

Jackson and Smith allege that they were forcefully and unlawfully arrested and imprisoned at Caddo Correctional Center. Record Document 1 at 3. Additionally, Jackson and Smith attack the reliability of the 911 call to ultimately conclude that there was an insufficient basis to arrest them. *Id*. at 4. They argue that the individual who made the tip had "a vendetta" against one of them, and the charge that they were firing a weapon was "wholly untrue and false." *Id*. In other words, their false arrest claim largely hinges on facts prior to the encounter with Jones.

Indeed, Smith and Jackson were not merely arrested for aimlessly discharging a weapon as reported in the 911 call; instead, they were also arrested for aggravated assault on a peace officer, which led to a conviction. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (dismissing a false arrest claim by reasoning that if there is probable cause for any of the charges made, "then the arrest was supported by probable cause, and the claim for false arrest fails."). Consequently, if Smith and Jackson's false arrest claims, which hinge on an argument of a lack of probable cause, were successful, it would demonstrate the invalidity of their convictions of aggravated assault on a peace officer. *See id*. ("[Plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest either for disorderly conduct or for resisting a search, would demonstrate the invalidity of [his] conviction for resisting a search."). Since *Heck* bars a

6

plaintiff from asserting any civil claim under 42 U.S.C § 1983 that would impugn the validity of his criminal conviction or sentence, Jackson and Smith's false arrest claim must fail. Thus, the motion for summary judgment on this claim is granted.

   II.   Excessive Force Claim

Next, the Court addresses Jackson and Smith's excessive force claim. Jackson and Smith claim that Jones shot his gun at them "without any cause or justification." Record Document 1 at 3. By doing so, they allege Jones committed an assault and battery upon them while they were "acting peacefully and committing no crime or offense." *Id*. These claims of innocence are inconsistent with Smith and Jackson's subsequent criminal convictions for aggravated assault on a peace officer. The Fifth Circuit has been clear that an excessive force claim is necessarily barred by *Heck* when an individual maintains complete innocence throughout the entire encounter with the police despite a conviction related to the same events. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (dismissing an excessive force claim by a plaintiff who was convicted of aggravated assault on an officer as *Heck* barred when his "complaint maintained that he did nothing wrong" and presented the events giving rise to the action as "a single violent encounter throughout which [the officer] used excessive force"); *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-25 (5th Cir. 2004) ("Arnold's suit squarely challenges the factual determination that underlies his conviction for resisting an officer. If Arnold prevails [on his excessive force claim], he will have established that his criminal conviction lacks any basis."). Since Smith and Jackson's complaint alleges that they

7

acted peacefully and committed no crimes, it necessarily challenges the validity of their convictions for aggravated assault on a peace officer and is thus barred by *Heck*.

Although not briefed by the parties, the Court highlights a Fifth Circuit case[3] that held a simple assault conviction would not be impugned by an excessive force claim. *See Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006). Its decision rested partially on the fact that the plaintiff had <u>accepted responsibility</u> for the assault, and rather was arguing the force was disproportionate to the offense. *See id*. at 400 ("[The plaintiff] admitted that he put [the defendant] in fear and that he fired the 30/30 rifle several times while near officers. On these undisputed facts, a determination that [the defendant] used unreasonable force tends to neither prove nor disprove the validity of [the plaintiff's] conviction for assault[] . . . ."). This is not the case here.

To be sure, the Court does not hold an excessive force claim can never co-exist with a conviction stemming from the same events. Rather, as previously mentioned, a complaint that alleges the Plaintiffs "were acting peacefully and committing no crime or offense" and that the officer discharged his gun "without any cause or justification, which constituted an unreasonable and excessive use of force," would necessarily undermine their convictions if successful. *Ducksworth v. Rook*, 647 F. App'x 383, 386 (5th Cir. 2016) ("Where a complaint describes 'a single violent encounter in which the plaintiff claimed he was an innocent participant' but the allegations are inconsistent with his conviction, *Heck* applies to bar his excessive-force claims."). Since Plaintiffs'

---

[3] While the Fifth Circuit found that the excessive force claim would not impugn the validity of the simple assault conviction, it still ultimately found the force used was reasonable and affirmed summary judgment in favor of the defendants.

excessive force claim, if successful, would undermine their convictions of aggravated assault on a peace officer, it must fail. Thus, summary judgment is granted on the excessive force claim.

   III.   Municipal Liability

The Plaintiffs also assert that the City of Shreveport "permitted, encouraged, tolerated, and ratified a pattern and practice of unjustified, unreasonable, and excessive use of force, including illegal shootings of males by police officers . . . ." Record Document 1 at 6. Plaintiffs allege that the City of Shreveport 1) failed to discipline or prosecute known incidents of excessive force, 2) refused to investigate excessive force claims, and 3) encouraged officers to believe the use of excessive force was permissible. *Id*. The complaint further alleges that the City of Shreveport has failed to maintain a system of review for excessive force claims. *Id*.

In *Monell v. Department of Social Services*, the Supreme Court explained that while municipalities and other local government units cannot be held liable under § 1983 on a respondeat superior theory, they may be held liable for injury inflicted through a policy or custom. 436 U.S. 658, 694 (1978). A plaintiff seeking to hold a municipality liable under § 1983 must prove three elements: "(1) a policymaker; (2) an official policy; (3) a 'violation of constitutional rights whose "moving force" is the policy or custom.'" *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)). The Fifth Circuit has defined "official policy" to mean:

   1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by

        an official to whom the lawmakers have delegated policy-making authority; or
2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Id.* (quoting *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984)). A plaintiff must show a "direct causal connection . . . between the policy and the alleged constitutional deprivation." *Id.* (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)).

Here, Smith and Jackson have failed to demonstrate a constitutional violation, as both their false arrest and excessive force claims have proven unsuccessful in light of *Heck*. *Windham v. Harris Cnty., Texas*, 875 F.3d 229, 243 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866-67 (5th Cir. 2012) ("We have stated time and again that [w]ithout an underlying constitutional violation, an essential element of municipal liability is missing.") (cleaned up). Since there has been no constitutional violation, the claim must fail; thus, the Court grants summary judgment on the municipal liability claim.

IV.    State Law Claims[4]

Jackson and Smith claim that Defendants are liable for the Louisiana state law torts of negligent hiring and/or supervision, battery, assault, and intentional infliction of emotional distress. Record Document 1. Additionally, Tamika asserts that the Defendants are liable for the loss of her husband's companionship and services. *Id.* at 5. Having

---

[4] Although the Defendants make a sweeping request in their motion that "all claims of Plaintiffs" be dismissed with prejudice, Record Document 35 at 1, Defendants' motion does not address any of these claims substantively, so neither will this Court.

10

dismissed all of Plaintiffs' federal claims, the Court must consider whether it is proper to exercise jurisdiction over the aforementioned state law claims. A district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "As a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial." *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 305 (5th Cir. 2007). A district court's decision to decline to exercise supplemental jurisdiction is purely discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009). In deciding whether to exercise supplemental jurisdiction, the Court must balance the factors of "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988).

In this case, the Court has dismissed all claims over which it has original jurisdiction, and thus declines to exercise jurisdiction over Plaintiff's pendent state law claims. *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 396 (5th Cir. 2020) ("Since [the plaintiff's] § 1983 claims failed, dismissal of the pendant [*sic*] state-law claims was within the district court's discretion."). Further, the Court observes that the factors weigh in favor of declining to exercise supplemental jurisdiction. The state law claims have not been addressed by this Court, the Plaintiffs have failed to pursue their

claims in federal court once their criminal charges were adjudicated in state court, and state courts have superior familiarity with their jurisdiction's law. Accordingly, the Court will dismiss these claims without prejudice.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion for summary judgment [Record Document 35] is **GRANTED**. Jackson and Smith's claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any remaining state law claims and any such claims are **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** this 30th day of January, 2024.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE